UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Misc. No 1:07-mc-00387 (RCL) |
| ) | |
| **FARZAD DARUI,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

REPLY MEMORANDUM OF ABDULLAH M. KHOUJ
IN SUPPORT OF HIS MOTION TO QUASH THE
SUBPOENA SERVED BY DEFENDANT FARZAD DARUI

BACKGROUND

On October 15, 2007, the defendant, Farzad Darui, served a subpoena on Abdullah M. Khouj, director of the Islamic Center (the "Center"), pursuant to Federal Rule of Criminal Procedure 17(c). Dr. Khouj filed a Motion to Quash the Subpoena Served by Farzad Darui on October 24, 2007. Defendant Farzad Darui filed a Brief in Opposition to The Motion to Quash Subpoena to Abdullah Khouj on November 7, 2007. Dr. Khouj's counsel was not served with the Defendant's Brief, but his counsel discovered that the Brief had been filed. Dr. Khouj, by his counsel, files this Reply Memorandum in Support of His Motion to Quash.

ARGUMENT

I. ENFORCEMENT OF THE SUBPOENA WOULD IMPERMISSIBLY REQUIRE THE COURT TO SPECULATE ABOUT THE RELEVANCE OF THE DOCUMENTS.

Enforcement of Darui's subpoena would obscure the difference between exculpatory material held by the prosecution and exculpatory material held by third parties. Unlike a criminal defendant's right to obtain "exculpatory material in the possession of the prosecution," Rule 17(c) affords a criminal defendant a *limited* means of obtaining evidence from third parties.

*United States v. Cuthbertson*, 651 F.2d 189, 195 (3d Cir. 1981) (*Cuthbertson II*). "Naked exculpatory material held by third parties . . . simply is not within the rule." *Id.*

To prevent the production of naked exculpatory material by third parties, "Rule 17(c) precludes use of a trial subpoena to obtain evidence . . . where the claim that the subpoenaed materials will contain such evidence represents mere speculation." *In Re Sealed Case*, 121 F.3d 72, 754-55 (D.C. Cir. 1997). The defendant must lay a foundation of relevance by producing some evidence that, in its "total context," raises a rational inference that the documents sought are relevant. *United States v. Nixon*, 418 U.S. 683, 700 (1974).

In *Nixon*, the special prosecutor met this standard by providing "sworn testimony or statements of one or more of the participants in the conversations [recorded on many of the subpoenaed tapes] as to what was said at the time." *Id.* At the least, the "relevance [requirement of Rule 17(c)] require[s] more than the title of a document and conjecture as to its contents." *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992).

Here, the defendant has failed to lay a foundation because he has failed to produce any evidence that raises a rational inference that the contents of the documents will be relevant to the case. For example, the defendant argues that his request for "all [of Dr. Khouj's] personal IRS filings and returns" from 2002-2006, Subpoena ¶ 6, will demonstrate that Dr. Khouj included the funds in the Special Account as income for tax purposes. The defendant has not provided any support for his statements about the contents of the income tax statements; instead, the defendant asks the Court to impermissibly speculate that the documents contain the information he suggests. Such a request is tantamount to "seeking to examine general categories of documents with the hope that they contain information that may be helpful to his defense." *United States v.*

*Libby*, 432 F. Supp. 2d 26, 35 (D.D.C. 2006). As this Court recognized in *Libby*: "This is not the proper role Rule 17(c) subpoenas are intended to play in the criminal arena." *Id*.

## II. THIS CASE DOES NOT WARRANT DEPARTURE FROM *NIXON*'S RULE THAT IMPEACHMENT EVIDENCE IS NOT GENERALLY ADMISSIBLE.

Allowing pre-trial discovery of the subpoenaed documents under Rule 17(c) would violate *Nixon*'s admissibility requirement. In *Nixon*, the Supreme Court noted that "[g]enerally, the need for evidence to impeach witnesses is *in*sufficient to require its production in advance of trial." 418 U.S. at 701 (emphasis added). Courts adhere to this general rule because "impeachment evidence only ripens into admissible evidence after the witness has presented testimony at trial." *Libby*, 432 F. Supp. at 37-38; *see also Cuthbertson II*, 651 F.2d at 195.

In *Libby*, this Court held that under *Nixon*, "responsive documents [sought for impeachment purposes] only become admissible after [the witness'] direct testimony has been presented to the government." *Id*. The *Libby* Court refused to compel pre-trial production of impeachment evidence in a case in which (1) the witness was "a critical witness for the government," and (2) "it [was] fairly clear what her testimony [would] likely be." *Id*. at 38.

Here, departure from the general rule announced in *Nixon* simply is not warranted. As *Libby* shows, the mere fact that "evidence relates to individuals who are virtually certain to testify and there is a clear indication of what they will say," Def. Br. In Opp. Dr. Khouj Mot. to Quash 6, does not itself support a departure from *Nixon*'s general rule. Moreover, given that many of the accusations the defendant seeks to substantiate are of questionable relevance, it is entirely unclear whether the documents requested will be admissible as impeachment evidence. As in *Libby*, the Court should adhere to the general rule barring pre-trial production of impeachment evidence.

### III.  A Rule 17(c) Subpoena Is Not Enforceable Based On Expediency.

Enforcing the subpoena solely because it may expedite the trial would improperly ignore the limitations imposed by *Nixon*.  Although a key function of Rule 17(c) is to "expedite [] trial," *Libby*, 432 F. Supp. 2d at 30, a Rule 17(c) subpoena is not enforceable based on expediency alone.  The reach of a Rule 17(c) subpoena is strictly circumscribed by *Nixon*'s requirements of relevancy, admissibility, and specificity.  If, and only if, defendant can meet these requirements may the court allow pretrial production under Rule 17(c).  *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980) (*Cuthbertson I*).  Where these requirements are not met, a Rule 17(c) subpoena "must be either quashed or modified." *Id.* at 31.

Because the defendant has not demonstrated that the material he seeks is relevant, admissible, or specific, his subpoena should not be enforced.

### CONCLUSION

For the foregoing reasons, the Court should grant Dr. Khouj's motion to quash or, in the alternative, to modify, the subpoena served on him by the defendant.

Respectfully submitted,

Williams & Connolly LLP

By: ___*Robert P. Watkins*___
Richard M. Cooper (DC Bar 92817)
Robert P. Watkins (DC Bar 051839)
Ana C. Reyes (DC Bar 477354)

725 Twelfth Street, N.W.
Washington, DC  20005-5901
(202) 434-5000
(202) 434-5029 (fax)

*Counsel for Dr. Abdullah M. Khouj*

Dated:  November 30, 2007

## CERTIFICATE OF SERVICE

    I hereby certify that on November 30, 2007, a true copy of the foregoing was served by first class mail on the following:

Ronald Wesley Sharpe, Esq.
U.S. ATTORNEY'S OFFICE
555 Fourth Street, N.W.
Washington, D.C. 20530

Victoria Toensing, Esq.
Joseph diGenova, Esq.
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006

Aaron S. Book, Esq.
Steven T. Webster, Esq.
WEBSTER BOOK LLP
1 North King Street
Leesburg, VA 20176

*Counsel for Defendant*

                                                                                _____
                                                                                Robert P. Watkins