# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Misc. No. 1:07-mc-00387(RCL) |
| | ) |
| FARZAD DARUI, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## MOTION FOR LEAVE TO FILE AMENDED MOTION OF ABDULLAH M. KHOUJ TO QUASH THE RULE 17(c) SUBPOENAS SERVED BY DEFENDANT FARZAD DARUI ON THREE ENTITIES

Dr. Abdullah M. Khouj, through undersigned counsel, respectfully moves this Court to grant his motion for leave to file an amended Motion to Quash the Rule 17(c) Subpoenas Served by Defendant Farzad Darui on Three Entities, filed on January 10, 2008.

On January 16, 2008, Dr. Khouj's counsel became aware of at least one additional subpoena served by Defendant Farzad Darui under Rule 17(c) that seeks personal and confidential information about Dr. Khouj. The subpoena was issued to BB&T Corporation, and it seeks confidential financial information similar to that sought in the subpoenas to SunTrust Bank and Wachovia Bank. Because the grounds for quashing the BB&T subpoena substantially overlap with the grounds set forth in the Motion to Quash of January 10, 2008, we request leave to amend the Motion to Quash of January 10, 2008 to address the subpoena served on BB&T, as well as all other subpoenas, yet unknown to Dr. Khouj, that seek information similar to that sought in the aforementioned subpoenas.

A proposed Order and amended papers in furtherance of the amended motion to quash are filed herewith.

Respectfully submitted,

Williams & Connolly LLP

By:    _____/s/_Ana C. Reyes _____
Richard M. Cooper (DC Bar 92817)
Robert P. Watkins (DC Bar 051839)
Ana C. Reyes (DC Bar 47735)

725 12th Street, N.W.
Washington, D.C. 20005
Ph:  (202) 434-5000
Fax:  (202) 434-5029
rcooper@wc.com
rwatkins@wc.com
areyes@wc.com

Date:  January 18, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) **Misc. No 1:07-mc-00386 (RCL)** |
| | ) |
| **FARZAD DARUI,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**ORDER GRANTING DR. ABDULLAH M. KHOUJ'S**
**MOTION FOR LEAVE TO FILE AMENDED MOTION TO QUASH**

Upon consideration of Dr. Abdullah Khouj's Motion For Leave To File An Amended

Motion to Quash, it is hereby GRANTED this _____ day of January 2008.  The amended

pleading shall be deemed filed and served on this day, as required under Local Civil Rule 47(g).


_____

Hon. Royce C. Lamberth
United States Judge


Copies to:

Richard M. Cooper, Esq.
Robert P. Watkins, Esq.
Ana C. Reyes, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901
  *Counsel for Dr. Abdullah M. Khouj*

Ronald Wesley Sharpe, Esq.
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
555 Fourth Street, N.W.
Washington, D.C.  20530
  *Counsel for the United States*

Victoria Toensing, Esq.
Joseph diGenova, Esq.
Brady Toensing, Esq.
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C.  20006

Aaron S. Book, Esq.
Steven T. Webster, Esq.
WEBSTER BOOK LLP
1 North King Street
Leesburg, VA  20176
  *Counsel for Defendant*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Misc. No. 1:07-mc-00387(RCL)** |
| | ) | |
| **FARZAD DARUI,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## AMENDED MOTION OF ABDULLAH M. KHOUJ TO QUASH THE RULE 17(c) SUBPOENAS SERVED BY DEFENDANT FARZAD DARUI ON VARIOUS ENTITIES

Dr. Abdullah M. Khouj, through undersigned counsel, respectfully moves this Court to quash the Criminal Rule 17(c) subpoenas served by defendant Farzad Darui on the United States Post Master, on SunTrust Bank, on Wachovia Bank, on BB&T Corporation, and on any other subpoenas unknown to Dr. Khouj that demand personal information relating to him. The known subpoenas are fatally deficient under Rule 17(c) of the Federal Rules of Criminal Procedure because they seek documents that are irrelevant to the instant case and that are inadmissible at trial, and the subpoenas are not specific in their requests. Moreover, the subpoenas grossly infringe on the personal privacy of Dr. Khouj in a manner that is unreasonable, oppressive, and retaliatory.

The grounds for this motion are fully set forth in the accompanying Memorandum of Law.

Respectfully submitted,

Williams & Connolly LLP

By:    _____/s/ Ana C. Reyes_____
Richard M. Cooper (DC Bar 92817)
Robert P. Watkins (DC Bar 051839)
Ana C. Reyes (DC Bar 47735)
725 12th Street, N.W.

Washington, D.C. 20005
Ph: (202) 434-5000
Fax: (202) 434-5029
rcooper@wc.com
rwatkins@wc.com
areyes@wc.com

Dated: January 18, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Misc. No. 1:07-mc-00387 (RCL) |
| | ) |
| FARZAD DARUI, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE MOTION OF ABDULLAH M. KHOUJ TO QUASH THE
SUBPEONAS SERVED BY DEFENDANT FARZAD DARUI ON VARIOUS ENTITIES

BACKGROUND

On June 8, 2007, Farzad Darui ("Darui" or "defendant") was charged in a seven-count indictment with a scheme to defraud his former employer, The Islamic Center of Washington, D.C. ("the Center"), and to obtain money and property belonging to the Center by means of false and fraudulent pretenses, representations, and promises. The indictment is attached hereto as Exhibit A.

The charges against Darui arise from his employment as the Business Manager of the Center from 1994 until his firing in August 2006. The indictment charges Darui with writing and issuing checks, causing checks to be written, signed, and issued, or falsely altering checks belonging to the Center or drawn on the Center's various bank accounts.

The instant matter arises from the Federal Rule of Criminal Procedure 17(c) subpoenas served by the defendant in recent months, which seek private and confidential personal and financial information about Dr. Khouj. The United States Attorney's Office has notified Dr. Khouj's counsel of at least four such subpoenas served by defendant Darui: subpoenas served on

SunTrust Bank ("SunTrust") on November 29, 2007, on Wachovia Bank ("Wachovia") on

November 29, 2007, on the United States Post Master (the "Post Master") on December 13,

2007, and on BB&T Corporation ("BB&T") on January 3, 2008.[1]  The SunTrust subpoena is

attached hereto as Exhibit B, the Wachovia subpoena is attached hereto as Exhibit C, the Post

Master Subpoena is attached hereto as Exhibit D, and the BB&T Subpoena is attached hereto as

Exhibit E.

The subpoenas seek a significant volume of Dr. Khouj's personal and financial

information, some of which this Court has already determined that the Defendant is not entitled

to under Rule 17(c).  The subpoena to the Post Master demands "[a]ll documents referring or

relating to the Post Office Box rented by Abdullah M. Khouj," without time limitation.  (Ex. D

¶ 1).  The subpoenas to SunTrust and Wachovia (together, the "Banks") demand the following:

> All documents relating to any account in the name of Abdullah M. Khouj or
> Abdullah Khoj, or in the social security number XXX-XX-XXX including, but
> not limited to:
>
> A.  All signature cards on any account.
> B.  All documents related to the establishment and maintenance of any
>     account;
> C.  All tax forms and W-8BEN filings related to any account;
> D.  All monthly statements and cancelled checks for the months January 1,
>     1999 through December 31, 2006 for any account;
> E.  All checks deposited and records of any deposit into any account from
>     January 1, 1999 through December 31, 2006;
> F.  All customer service notations made to any account from July 1, 1984
>     through December 31, 2006;
> G.  All Currency Transaction Reports associated with any account from
>     January 1, 2000 through December 31, 2006;

---

[1] Because the subpoenas have not been publicly filed, Dr. Khouj was unaware of the subpoenas
to the Post Master and to the Banks until they were mentioned at the December 19, 2007 hearing
in the criminal matter.  He was unaware of the subpoena to BB&T until January 16, 2008.  The
United States Attorney's Office provided Dr. Khouj's counsel with a copy of the subpoena to the
Post Master on January 3, 2008, with copies of the subpoenas to the Banks on January 7, 2008,
and with copies of the subpoena to BB&T on January 16, 2008.

H.  All Currency Transaction Reports associated with any account from January 1, 2000 through December 31, 2006; and

I.  All reports of suspicious activity with any account from January 1, 2000 through December 31f, 2006, including, but not limited to, complaints by Abdullah M. Khouj.

(Ex. B ¶ 1 & Ex. C ¶ 1).

The BB&T subpoena similarly requests "[a]ll documents, including, but not limited to account information, statements, and applications . . . referring or relating to any credit card held by Abdullah M. Khouj" or "any other accounts held by Abdullah M. Khouj." Ex. D ¶ ¶ 1–2. The subpoenas thus seek confidential, personal financial records of the senior official of the Center, which is the victim of the crimes Darui is alleged to have committed, and which reported those crimes to the Government.

In addition to demanding "all" of Dr. Khouj's private financial information from his personal banks, the subpoenas to the Banks also demand that the Banks deliver the subpoenaed documents to the office of Darui's counsel. (Ex. B & Ex. C). As this Court clearly stated in a meeting in Chambers on December 5, 2007, Rule 17(c) subpoenas should call for documents to be delivered to the Court.

In response to its subpoena, SunTrust delivered 67 pages of Dr. Khouj's private financial documents to the office of Darui's counsel on December 12, 2007. Likewise, Wachovia delivered 727 pages of Dr. Khouj's private financial documents to the office of Darui's counsel on December 18, 2007. BB&T has delivered 55 pages of information about Dr. Khouj's credit card accounts. The Post Master has not yet complied with the subpoena. The Post Master filed a Motion to Quash the subpoena on grounds different from those presented here. *See* United States Postal Service Mot. Quash (filed Dec. 21, 2007). This Court denied that Motion to Quash on January 9, 2008. Order Denying Mot. to Quash (filed Jan. 8, 2008).

On August 8, 2007, this Court granted Darui's motion to permit issuance of Rule 17(c) subpoenas, returnable by September 12, 2007, to seventeen specified entities or individuals. Order Granting Def. Mot. Early Return Subpoenas (filed Aug. 8, 2007). The Order required that, before serving Rule 17(c) subpoenas on additional parties, Darui "submit additional agreed orders listing . . . additional entities." *Id.* Because the Order specified that the subpoenas be returnable by September 12, 2007, Darui's authority to issue subpoenas under the August 8, 2007 Order expired on that date. Therefore, on September 28, 2007, Darui moved for authority to issue early return subpoenas duces tecum. Def. Mot. Early Return Subpoenas (filed Sept. 28, 2007). The moving papers did not seek permission to serve Rule 17(c) subpoenas on additional entities, and they did not request relief from the requirements of the August 8, 2007 Order. The motion was unopposed, and the Court granted it. Order Granting Def. Mot. Early Return Subpoenas (filed Oct. 3, 2007).

On November 29, 2007, however, Darui served Rule 17(c) subpoenas on the Banks, on December 13, he served a Rule 17(c) subpoena on the Post Master, and on January 3, 2008, he served a Rule 17(c) subpoena on BB&T. None of these parties was listed in the Court's Order of August 8, 2007. Unless this Court's Order of October 3, 2007 rendered ineffective the Order of August 8, 2007 *sub silencio*, Darui failed to comply with the Order of August 8, 2007 before serving the four additional parties with Rule 17(c) subpoenas. If the Order of August 8, 2007 remains in effect, Darui's failure to comply with it is a ground for quashing the four subpoenas additional to the grounds presented *infra*.

## ARGUMENT

The subpoenas at issue here represent another attempt by Darui to misuse Rule 17(c) as a discovery device in his criminal trial. *See United States v. Nixon*, 418 U.S. 683, 698 (1974) ("[Rule 17(c)] was not intended to provide a means of discovery for criminal cases.").

Rule 17(c) allows a criminal defendant to subpoena "books, papers, documents . . . or other objects . . . designate[d] [therein]" for use at trial as long as compliance would not be "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(1), (2). The purpose of the rule is not to provide for discovery in a criminal case, but to expedite trial by allowing the defendant to inspect admissible material before trial. *Nixon*, 418 U.S. at 698. To that end, a subpoena is not enforceable under Rule 17(c) unless the Defendant demonstrates that it meets the requirements of "(1) relevancy; (2) admissibility; [and] (3) specificity." *Nixon*, 418 U.S. at 700; *see also United States v. Libby*, 432 F. Supp. 2d 26, 29–32 (D.D.C. 2006). "A subpoena that fails to satisfy these three requirements will be deemed unreasonable or oppressive and must be either quashed or modified." *Id.* at 31.

As the gross overbreadth of the known subpoenas illustrate, Darui did not even attempt to conform these subpoenas to *Nixon*'s requirements. Darui should not be permitted to circumvent the demands of *Nixon* by serving Rule 17(c) subpoenas on third parties that have little incentive to protect the documents demanded.

This Court should quash the Rule 17(c) subpoenas served on SunTrust, Wachovia, the Post Master, BB&T, and any other subpoenas issued by Darui in this case for personal information relating to Dr. Khoiuj that do not conform to Rule 17(c); and it should order Darui to turn over all documents already produced under the defective subpoenas and all copies thereof and to destroy all notes and other documents that derive from or in any way refer to or reflect the contents of any such documents to the Court or to Dr. Khouj or his counsel. In addition, this Court should take action to prevent Darui from further abusing Rule 17(c) by issuing subpoenas that do not comply with *Nixon*.

## I.  DR. KHOUJ HAS STANDING TO MOVE TO QUASH THESE SUBPOENAS, AND THIS MOTION IS NOT MOOT.

### A. These Subpoenas Are a Gross Infringement of Dr. Khouj's Personal and Financial Privacy.

Dr. Khouj has standing to bring this motion to quash because enforcement of these subpoenas would constitute a gross invasion of his privacy.  "Generally, [a] party only has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests."  *United States v. Williams*, No. CR 07–35, 2007 WL 2287819, at *3 (E.D. La. Aug. 8, 2007) (alteration in original) (internal quotations omitted); *see also In re Grand Jury*, 619 F.2d 1022, 1031–32 (3d Cir. 1980).

Here, Dr. Khouj has standing to move to quash the subpoenas because he has a legitimate interest in protecting his confidential personal and financial information from disclosure.  Courts have recognized both (1) the interest in preventing "invasion[s] of . . . privacy [arising] from [the] disclosure of communication[s]," *In re Grand Jury*, 619 F.2d at 1071, and (2) the interest in preventing disclosure of the movant's personal "financial documents," *United States v. Ail*, No. CR 05–325-RE, 2007 WL 1229415, at *5 (D. Or. Apr. 24, 2007), as legitimate interests that confer standing on the movant.

Indeed, these privacy interests are so important that they are protected by federal law. *See* The Privacy Act of 1974, 5 U.S.C. § 552a(b)(2000) (prohibiting federal agencies from "disclos[ing] any record . . . except pursuant to a written request by" the individual to whom the record pertains); Gramm-Leach-Bliley Act of 1999, 15 U.S.C. §§ 6801–6809 (placing a duty on financial institutions to protect the confidentiality of their customers' financial information).  *Cf.* The Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401–3422 (limiting financial institutions from releasing financial records to government authorities).  In fact, the Right to

Financial Privacy Act specifically acknowledges that an individual whose financial records are subpoenaed may move to quash the subpoena. *See* 12 U.S.C. § 3407 (2000) (preventing a bank from complying with a judicial subpoena if, within ten days of service of the subpoena, the customer has filed a motion to quash the subpoena).[2]

### B. The Recipients' Compliance with the Subpoenas Does Not Moot This Motion To Quash.

Although BB&T and the Banks have already turned over Dr. Khouj's private financial documents to Darui's counsel, "compliance with the subpoena does not make this case moot." *SEC v. Inv. Tech., Inc.*, 200 Fed. App'x 858, 859 (11th Cir. 2006) (per curiam) (unpublished). "Even though it is now too late to prevent, or to provide a fully satisfactory remedy for, the invasion of privacy that occurred . . . a court does have [the] power to effectuate a partial remedy by ordering the . . . dest[ruction] or return [of] any and all copies [the Defendant or his counsel] may have in [their] possession." *Church of Scientology v. United States*, 506 U.S. 9, 12–13 (1992). As in *Church of Scientology*, "[t]he availability of this possible remedy is sufficient to prevent this case from being moot." *Id.* at 13; *see also Inv. Tech.*, 200 Fed. App'x at 859.

## II.  THE SUBPOENAS FAIL TO MEET *NIXON*'S REQUIREMENTS.

### A. The Subpoenas Violate the Specificity Requirement of Rule 17(c) Because They Are Grossly Overbroad.

The breadth of the private and confidential information demanded by the subpoenas is irreconcilable with *Nixon*'s specificity requirement. The subpoenas' extraordinarily broad demands constitute a "fishing expedition" that is impermissible under Rule 17(c).

---

[2]     Here, Dr. Khouj did not file a motion to quash within ten days because he did not know of the subpoenas. Compliance by Darui with the Court's Order of August 8, 2007 might have led to his becoming aware of them.

A defendant may not use a Rule 17(c) subpoena "to examine general categories of documents with the hope that they contain information that may be helpful to his defense." *Libby*, 432 F. Supp. 2d at 35. A subpoena issued under Rule 17(c) must provide requests specific enough to enable a court to form a basis "upon which it [could] draw a reasonable inference that there is a real likelihood that the [material] would contain relevant and admissible evidence." *Id.* at 34 (*citing Nixon*, 418 U.S. at 700). For example, this Court's recent decision in *Libby* enforced a Rule 17(c) subpoena requesting "a narrow subcategory of documents . . . which cover[ed] a discrete topic and typically limit[ed] the pertinent time frame," *id.* at 38, but quashed a Rule 17(c) subpoena that requested "general categories of documents." *Id.* at 35.

Here, the overbreadth of the four known subpoenas illustrates that Darui has wholly disregarded the specificity requirement of Rule 17(c). The subpoenas are crafted as civil discovery demands rather than Rule 17(c) subpoenas: the subpoena to the Post Master seeks "all documents referring or relating to" Dr. Khouj's Post Office Box, without time limitation (Ex. D ¶ 1); the subpoenas to the Banks seek "all documents relating to any account" held by Dr. Khouj, without time limitation (Ex. B ¶ 1 & Ex. C ¶ 1), and the BB&T subpoena seeks "[a]ll documents . . . referring or relating to any credit card [or other accounts] held by" Dr. Khouj, without time limitation (Ex. E ¶¶ 1–2).

Although the subpoenas to the Banks and to BB&T list examples of the categories of documents sought, the "including, but not limited to" language prefacing the lists shows that the lists are not exhaustive. (Ex. B ¶ 1, Ex. C ¶ 1, & Ex. E ¶¶ 1–2). Using phrases such as "any and all" (Ex. D ¶ 1) and "including but not limited to" (Ex. B ¶ 1, Ex. C ¶ 1, & Ex. E ¶¶ 1–2), Darui attempts to "troll the waters of the sea's otherwise undiscoverable material in the small hope that something beneficial might rise to the surface." *United States v. King*, 164 F.R.D. 542, 546 (D.

Kan. 1996); *see, e.g., United States v. Mays*, 246 F.3d 677 (9th Cir. 2000) (Table), available at 2000 WL 1860727 (mem) (affirming district court's quashing of a Rule 17(c) subpoena on the grounds that it was a "fishing expedition" because it requested "all documents relating to any and all disciplinary action taken by" a state agency against its employees "without any time limitation") (emphases omitted).

The requests in the subpoenas to the Post Master, to the Banks, and to BB&T are significantly broader than the requests for financial documents in the subpoena to Dr. Khouj that this Court has quashed in this case.  In its Order of December 18, 2007, this Court quashed Darui's demand for "[a]ll personal bank statements and cancelled checks" for all of Dr. Khouj's bank accounts covering a seven-year period.  *See* Mem. Op. Accompanying Order Granting Mot. Quash in Part, at 17 (filed Dec. 18, 2007) (hereinafter "Mem. Op.").  To comply with the new subpoenas' demands, Wachovia and SunTrust Bank have produced all of Dr. Khouj's personal bank statements and cancelled checks for a period that is longer than a seven-year period. Indeed, in compliance with the subpoenas, the Banks provided at least 794 pages of private financial records that range from Dr. Khouj's signature cards to his tax forms to his customer service notations.

Moreover, pursuant to the subpoena it received, BB&T has provided Darui with Dr. Khouj's credit card statements from September 2006 through December 2007, a period entirely unrelated to the fraudulent scheme charged in the indictment. It is not clear what documents or types of documents Darui expects to retrieve from the Post Master because the request is so general.  Darui has not simply requested information about whether Dr. Khouj had a Post Office Box somehow related to the fraudulent scheme with which Darui is charged.  Rather, he has requested "all" documents "related to or referring to" any Post Office Box ever used by Dr.

Khouj.  (Ex. D ¶ 1).  The range of potential documents to which the subpoena to the Post Master may refer illustrates its complete lack of specificity.  It could refer to a huge volume of documents ranging from forms related to the opening of the box to invoices related to payment for the box to mail that Dr. Khouj has not yet removed from the box.

The gross overbreadth of these subpoenas blatantly flouts *Nixon*'s specificity requirement.  For that reason, these subpoenas should be quashed, and all materials produced to Darui under these subpoenas (and all copies of and notes and other documents reflecting any of those materials) should be returned to the Court or to Dr. Khouj or his counsel.

## B.  Dr. Khouj's Personal and Financial Information Is Irrelevant To the Indictment and Is Inadmissible At Trial.

The subpoenas should be quashed because they also fail *Nixon*'s requirements of relevancy and admissibility.  *Nixon*, 418 U.S. at 700.  "Rule 17(c) precludes use of a trial subpoena to obtain evidence that is not relevant to the charges being prosecuted or where the claim that subpoenaed materials will contain such evidence represents mere speculation."  *In re Sealed Case*, 121 F.3d 729, 754–55 (D.C. Cir. 1997) (per curiam).  Thus, the defendant must show that the subpoenaed materials are relevant and admissible with regard to the indictment or to a "viable defense."  *United States v. Rezaq*, 156 F.R.D. 514, 529 (D.D.C. 1994) (Lamberth, J.), *vacated in part on other grounds*, 899 F. Supp. 697 (D.D.C. 1995) (Lamberth, J.).

Generally, *Nixon*'s admissibility requirement is not met if the only use for the subpoenaed materials is for impeachment at trial.  *Nixon*, 418 U.S. at 701; *see also Libby*, 432 F. Supp. 2d at 37–38.  "[I]mpeachment evidence only ripens into admissible evidence after the witness has presented testimony at trial."  432 F. Supp. 2d at 37–38.

The defendant has not carried, and cannot carry, the burden of showing that he seeks Dr. Khouj's financial information for any use other than to impeach Dr. Khouj at trial.  There is no

sound explanation why "all documents relating to any account" or credit card held by Dr. Khouj are relevant to the indictment of Darui or to his defense. (Ex. B ¶ 1, Ex. C ¶ 1, Ex. E ¶ ¶ 1–2). Nothing in the indictment alleges that Darui stole from Dr. Khouj's personal bank accounts. Indeed, even Darui's purported "defense" does not contain accusations regarding Dr. Khouj's use of his personal accounts.[3] It is entirely unclear what relevance documents relating to Dr. Khouj's bank accounts and credit cards—and, more specifically, such documents as "applications" for credit cards, "signature cards," "monthly statements," "cancelled checks," "customer service notations," "Currency Transaction Reports," or "reports of suspicious activity . . . including, but not limited to, complaints" by Dr. Khouj, (Ex. B ¶ 1, Ex. C ¶ 1 & Ex. E ¶¶ 1–2)—could have to the charged indictment or to a facially valid defense by Darui.

Moreover, in response to Darui's subpoena, BB&T has produced material showing that Dr. Khouj did not even open an account with BB&T until September 2006, one month after Darui's fraud was uncovered. Indeed, the materials produced by BB&T are from the period September 2006 through December 2007, a period this Court has already recognized as having no plausible relevance to the fraudulent scheme. See Mem. Op. at 10 n.2 ("The Court's December 5, 2007 order modified the date ranges for any responsive documents to reflect the date range of the alleged fraud as charged in the indictment.").

The subpoena to the Post Master is so broad that it reaches documents that are in no way relevant to the criminal case or admissible at trial. As this Court acknowledged by "modif[ying] the date ranges for any responsive documents to reflect the date range of the alleged fraud as

---

[3] Even if his defense did contain such claims, it is highly doubtful that they would contribute to a viable defense. Darui's apparent claim that Dr. Khouj gave him the funds to discharge a debt Dr. Khouj owed him does not state a defense to the charges in the indictment, the gist of which is that Darui embezzled funds from the Center. How Darui's accusations would constitute a defense to a charge of embezzlement from the Center remains wholly unexplained and inexplicable.

charged in the indictment," Mem. Op. at 10 n.2, documents from periods outside of 2002 to 2006 have no relevance to this case. Here, however, the absence of any time limitation whatsoever could lead to production of documents from as far back as 1984, when Dr. Khouj moved to this country. Compliance with the subpoena could also require production of such irrelevant material as mail addressed to Dr. Khouj's Post Office Box that was in the Post Master's possession at the time of production in response to the subpoena.

Given the confidentiality and utter irrelevance of the documents requested from the Banks, the Post Master, and BB&T, Rule 17(c) plainly does not entitle the Defendant to pretrial inspection of these documents. Thus, the subpoenas and any other such subpoenas that violate Rule 17(c) should be quashed, and all documents already produced to Darui in response to the subpoenas—as well as all copies thereof and all notes and other documents reflecting those documents—should be turned over to the Court or to Dr. Khouj or his counsel.

## III. THIS COURT SHOULD UNDERTAKE AN INDEPENDENT REVIEW OF THE OUTSTANDING RULE 17(C) SUBPOENAS TO ENSURE COMPLIANCE WITH *NIXON*.

In light of Darui's demonstrated disregard for the requirements of *Nixon* (and this Court's Order of August 8, 2007), this Court should undertake an independent review of all of the Rule 17(c) subpoenas issued by Darui to ensure that Rule 17(c) has not been abused. "As the Supreme Court has explained, it is the responsibility of the court, not the opposing party, to ensure that a subpoena secured under Rule 17(c) is for a proper purpose." *United States v. Tomison*, 969 F. Supp. 587, 594 (E.D. Cal. 1997) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951)). "[D]efective trial subpoenas that abuse the Rule 17 process and alter the terms of this Court's subpoenas are within the inherent authority of the Court to correct." *United States v. Wecht*, No. 06-0026, 2007 WL 4563516, at *4 (W.D. Pa. Dec. 21, 2007).

Many other courts have undertaken independent review of Rule 17(c) subpoenas to ensure compliance with *Nixon*. *See, e.g., id*; *United States v. Williams*, No. CR07-35, 2007 WL 2287819, at *3 (E.D. La. Dec. 21, 2007) (noting that the court would conduct an in camera review of the files responsive to all Rule 17(c) subpoenas to determine whether the test of *Nixon* is met); *United States v. Weldon*, No. Crim.A. 05-45-DLB, 2006 WL 905932, at *2 (E.D. Ky. Apr. 7, 2006) ("[T]he Court has the inherent power to review the subpoena to determine if it seeks information which would be relevant and admissible at trial."); *United States v. Weissman*, No. 01CR-529 (BSJ), 2002 WL 31875410, at *1 n.1 (S.D.N.Y. Dec. 26, 2002) ("Although the Defendant asserts that the Government lacks standing to move to quash, the Court will nonetheless address the Government's objections because it is the Court's responsibility to ensure that the subpoena is for a proper purpose and complies with the requirements of Rule 17(c)."); *United States v. Modi*, No. 1L01CR00050, 2002 WL 188327, at *2 (W.D. Va. Feb. 6, 2002) (finding that even if no party has the standing to move to quash Rule 17(c) subpoenas, "the court is required to examine the subpoenas for compliance with the test set forth in *Nixon*.").

## IV. THIS COURT SHOULD REQUIRE DARUI TO SEEK A COURT ORDER BEFORE ISSUING ANY ADDITIONAL RULE 17(C) SUBPOENAS.

To ensure that all future Rule 17(c) subpoenas issued by Darui comply with the requirements of *Nixon*, this Court should require Darui's counsel to seek a Court Order before issuing any further Rule 17(c) subpoenas. "While Rule 17(c) does not explicitly require a party to make a motion to secure issuance of a subpoena duces tecum returnable before trial, the use of a motion . . . has been recognized by many courts as an 'orderly and desirable procedure and one frequently followed." *United States v. Weissman*, No. 01CR529 (BSJ), 2002 WL 1467845, at *1 (S.D.N.Y. July 8, 2002).

"Limiting the Court's discretion over Rule 17(c) pretrial subpoenas to resolution of motions to quash . . . [is] inadequate to assuring that such subpoenas are not abused or used for impermissible discovery." *Id*. This limitation on the Court's discretion is particularly inadequate where, as here, the defendant has issued Rule 17(c) subpoenas to many third parties who "lack the incentive or knowledge to make . . . a motion" to quash. *Id*.

Darui has already misused Rule 17(c) subpoenas by demanding documents that are outside the scope permitted by *Nixon*. *See generally* Mem. Op. He has also disregarded the plain language of Rule 17(c) by issuing subpoenas that demand delivery to defendant's counsel's office rather than to this Court. (Ex. B & Ex. C). Allowing Darui to continue issuing unlimited subpoenas without this Court's *ex ante* supervision creates a significant risk that rule 17(c) will be used impermissibly as a discovery device in his criminal case, particularly given the five month continuance in the trial date. This Court should eliminate this risk by requiring Darui to file motions with this Court before issuing additional subpoenas duces tecum returnable before trial. Finally, the Court should order that, where a proposed Rule 17(c) subpoena would seek documents relating to the Center or to Dr. Khouj, Darui shall provide service copies of the motion for approval of the subpoena to the Center and/or Dr. Khouj, as applicable.

## CONCLUSION

For the foregoing reasons, Dr. Khouj respectfully requests that the Court grant his motion to quash.

Respectfully submitted,

Williams & Connolly LLP

By:        _____/s/\_Ana C. Reyes _____
Richard M. Cooper (DC Bar 92817)
Robert P. Watkins (DC Bar 051839)
Ana C. Reyes (DC Bar 477354)

725 12th Street, N.W.
Washington, D.C. 20005
Ph:  (202) 434-5000
Fax:  (202) 434-5029
rcooper@wc.com
rwatkins@wc.com
areyes@wc.com

*Counsel for Dr. Abdullah M. Khouj*

Dated:  January 18, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2008, a true copy of the foregoing was served electronically upon on the following:

Ronald Wesley Sharpe, Esq.
U.S. ATTORNEY'S OFFICE
555 Fourth Street, N.W.
Washington, D.C. 20530

Victoria Toensing, Esq.
Joseph diGenova, Esq.
Brady Toensing
diGENOVA &  TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006

Aaron S. Book, Esq.
Steven T. Webster, Esq.
WEBSTER BOOK LLP
1 North King Street
Leesburg, VA  20176

*Counsel for Defendant*

_____ /s/ Ana C. Reyes _____
Ana C. Reyes

**EXHIBIT A**

**Misc. No. 1:07-mc-00387-RCL**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**
**Grand Jury Sworn in on November 3, 2006**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE NO.  06-MJ-434** |
| | : | |
| | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | |
| | : | **VIOLATIONS:** |
| | : | |
| | : | **18 U.S.C. § 1341 (Mail Fraud)** |
| **FARZAD DARUI** | : | **18 U.S.C. § 2314 (Interstate** |
| | : | **Transportation of Stolen Property)** |
| | : | **18 U.S.C. § 2 (Causing an Act to be Done)** |
| **Defendant.** | : | **22 D.C. Code §§ 3211(b)(2), 3212(a)** |
| | : | **(First Degree Theft)** |
| | : | **18 U.S.C. § 981(a)(1)(C) and** |
| | : | **28 U.S.C. § 2461(c) (Criminal Forfeiture)** |
| _____ | : | |

**INDICTMENT**

The Grand Jury charges that:

**COUNTS ONE THROUGH FIVE**
**(MAIL FRAUD)**

Introduction

At all times material to this Indictment:

1. The Islamic Center of Washington, D.C. (the "Center") was dedicated in 1957 and is the first mosque to be built in America's national capital. The Center serves as a regular place of worship for thousands of Washington area Muslims, including many from the diplomatic community. In addition, the Center provides charitable services for the Washington community,

-1-

including free Islamic study classes, Arabic and Qur'anic language classes and counseling services. The Center is located at 2551 Massachusetts Avenue, NW, Washington, D.C.

2. Defendant, FARZAD DARUI ("DARUI") was employed by the Center as the business manager from 1994 until August 2006. As business manager, defendant FARZAD DARUI was responsible for supervising and maintaining internal systems for accounts payable, accounts receivable, payroll, general ledger and financial reports and cash control. In addition, defendant FARZAD DARUI's duties included monitoring bank balances and financial statements, supervising audits and tax reports and preparing preliminary budgets. Defendant FARZAD DARUI's official duties also included manually preparing checks for payment of venders employed by the Center. Defendant FARZAD DARUI was terminated from his position in August 2006, after it was learned that he had stolen over $430,000 from the Center.

3. In addition to his employment at the Center, defendant FARZAD DARUI was the Resident Agent, Chief Executive Officer and Director of Zaal, Inc., an investment and management services company located in Falls Church, Virginia. The address on record at the State Corporation Commission for the Commonwealth of Virginia ("State Corporation Commission") of Zaal, Inc., is the same as that of defendant FARZAD DARUI's personal residence. That is, 3433 Malbrook Drive, Falls Church, Virginia.

4. Defendant FARZAD DARUI was also the Resident Agent and President of Blue Line Travel, Inc., a travel agency. The address on record at the State Corporation Commission of Blue Line Travel, Inc., is 5613 Leesburg Pike, Suite 21, Falls Church, Virginia.

5. On August 13, 2001, defendant FARZAD DARUI opened a checking account at United Bank in Arlington, Virginia in the name of Zaal, Inc., and listed the address of Zaal, Inc., as 3433

Malbrook Drive, Falls Church, Virginia (account number XXXX-4295, hereinafter "Zaal checking account"). Defendant FARZAD DARUI was the only authorized signatory for the Zaal checking account.

6. Defendant FARZAD DARUI also maintained a checking account on behalf of Blue Line Travel Inc., at First Union/Wachovia Bank (account number XXXXXXXXX5132, hereinafter "Blue Line checking account"). Defendant FARZAD DARUI along with his wife, Josefine Darui, were the only signatories for the Blue Line checking account.

<u>The Center's Bank Accounts</u>

7. The Center owned and maintained the following bank accounts related to its operations:

a. Bank of America account number XXXXXXXXX2726 was an operating account established to segregate funds donated by the Kingdom of Saudi Arabia into a separate account (hereinafter, "Islamic Center special account"). Funds from this account were used to pay the Center's legitimate business expenses such as payroll, general maintenance costs, insurance and utilities.

b. Bank of America account number XXXXXXXXX5929 was an operating account established to pay the Center's legitimate administrative expenses (hereinafter, "Islamic Center administrative account").

c. Bank of America account number XXXXXXXXX4037 was an account established to receive charitable and other contributions from donors (hereinafter, "Islamic Center charity account").

8. Dr. Abdullah M. Khouj, the Director of the Center, (the "Director") was the only authorized signatory for the Islamic Center special account.

-3-

9.   Without the authorization or approval of the Director or anyone else at the Center, defendant FARZAD DARUI, added himself as an authorized signatory to the bank accounts maintained by the Center at Bank of America including the Islamic Center administrative account and the Islamic Center charity account.

10.   It was the policy and practice of the Center that only the Director authorized payments and signed checks written on the Islamic Center administrative account and the Islamic Center charity account.

<u>The Scheme and Artifice to Defraud</u>

11.   Between from at least October 2000, to in or about January 2006, in the District of Columbia and elsewhere, defendant FARZAD DARUI, did knowingly devise, participate in and execute a scheme and artifice to defraud the Islamic Center of Washington, D.C., and to obtain money and property belonging to the Islamic Center of Washington, D.C., by means of false and fraudulent pretenses, representations and promises.

<u>Manner and Means</u>

12.   From in or about October 2000, to in or about January 2006, defendant FARZAD DARUI, without authorization, obtained numerous checks from the Islamic Center of Washington, D.C., by developing a scheme by which he would write and issue, or cause to be written, signed and issued, or falsely altered checks written on the Center's various bank accounts or checks belonging to the Center which he used for his personal enrichment.

13.   As the business manager for the Center, defendant FARZAD DARUI received mail and gathered invoices received from various vendors and creditors of the Center.   After doing so, defendant FARZAD DARUI wrote checks on various Islamic Center bank accounts that were made

-4-

payable to the respective vendors and creditors. Defendant FARZAD DARUI then took the checks

and the corresponding invoices to the Director for approval of payment. When payment of the

various invoices was approved, the Director would sign the checks. Thereafter, copies of the

invoices and the associated original checks would be made. Defendant FARZAD DARUI mailed

the checks, via the United States Postal Service, to the appropriate vendor or creditor.

14. It was part of the fraudulent scheme and artifice that instead of sending payment to the

Center's vendors and creditors, defendant FARZAD DARUI gained control of funds belonging to

the Center by altering the payee line of checks that had been endorsed by the Director and written

on the Islamic Center special account, the Islamic Center administrative account and the Islamic

Center charity account.

15. It was further part of the scheme and artifice that defendant FARZAD DARUI

substituted the original named payee with various versions of the names of Blue Line Travel, Inc.,

Zaal, Inc., and other businesses which he controlled and for which he was an authorized signatory.

16. It was further part of the scheme and artifice that defendant FARZAD DARUI negotiated

the altered checks and deposited funds stolen from the Center directly into either the Zaal checking

account or into the Blue Line checking account.

17. In further a part of the scheme and artifice that defendant FARZAD DARUI

obtained checks payable to employees or contractors of the Center and, without authority from the

named payee on the checks, negotiated and deposited the checks directly into either the Zaal

checking account or into the Blue Line checking account.

18. Throughout the scheme, defendant FARZAD DARUI submitted duplicate invoices and

checks to the Director who endorsed the duplicate checks without realizing the payment was a

-5-

duplicate check for an invoice that supposedly had been paid. Defendant FARZAD DARUI embezzled either the original endorsed check or the duplicate endorsed check in the aforementioned manner and sent the remaining endorsed check to the appropriate creditor or vendor thereby enabling defendant FARZAD DARUI to carry out and conceal his embezzlement of the Center's funds.

19. In approximately February 2002, the mailing information for the Islamic Center special account was changed from the Center to a United States Post Office box in Washington, D.C. This change of address was unknown and unauthorized by the Director.

20. It was further part of the scheme and artifice that to conceal the fact that defendant FARZAD DARUI was altering the Center's checks and depositing the proceeds of the checks into bank accounts he controlled, defendant FARZAD DARUI rented a United States Post Office box in Washington, D.C., in the name of the Islamic Center without the knowledge or consent of the Director or anyone else at the Center (hereinafter, "P.O. Box 53188").

21. It was further part of the scheme and artifice that to conceal his diversion of the Center's funds withdrawn from the Islamic Center special account, on the application for P.O. Box 53188, defendant FARZAD DARUI listed the address of the Islamic Center as that of his personal residence, that is, 3433 Malbrook Drive, Falls Church, Virginia.

22. It was further part of the scheme and artifice that to conceal his diversion of the Center's funds withdrawn from the Islamic Center special account, defendant FARZAD DARUI caused Bank of America to mail, via the United States Postal Service, monthly statements and processed checks for that account to P.O. Box 53188.

23. It was further part of the scheme and artifice that defendant FARZAD DARUI deposited the Center's checks directly into his Zaal checking account or into his Blue Line checking account.

-6-

During the course of the scheme from on or about October 2000 to on or about January 2006, defendant FARZAD DARUI stole in excess of $430,000 from the Center.

24. On or about each of the approximate dates listed below, in the District of Columbia and elsewhere, defendant FARZAD DARUI, for the purpose of executing the above-described scheme and artifice and attempting to do so, knowingly caused the following items to be delivered by mail by the United States Postal Service according to the directions thereon.

| Count | Approx. Date | Item | Mailed From | Mailed To |
|-------|--------------|------|-------------|-----------|
| 1 | 10-10-02 | Islamic Center special account monthly statement for the period 09-11-02 through 10-10-02 | Bank of America P.O. Box 25118 Tampa, FL 33622-5118 | Dr. Abdullah M Khouj Special for Islamic Ctr C/O Islamic Ctr P.O. Box 53188 Washington, D.C. 20009-9188 |
| 2 | 05-09-03 | Islamic Center special account monthly statement for the period 04-11-03 through 05-09-03 | Bank of America P.O. Box 25118 Tampa, FL 33622-5118 | Dr. Abdullah M Khouj Special for Islamic Ctr C/O Islamic Ctr P.O. Box 53188 Washington, D.C. 20009-9188 |
| 3 | 11-06-03 | Islamic Center special account monthly statement for the period 10-11-03 through 11-06-03 | Bank of America P.O. Box 25118 Tampa, FL 33622-5118 | Dr. Abdullah M Khouj Special for Islamic Ctr C/O Islamic Ctr P.O. Box 53188 Washington, D.C. 20009-9188 |
| 4 | 03-11-04 | Islamic Center special account monthly statement for the period 02-07-04 through 03-11-04 | Bank of America P.O. Box 25118 Tampa, FL 33622-5118 | Dr. Abdullah M Khouj Special for Islamic Ctr C/O Islamic Ctr P.O. Box 53188 Washington, D.C. 20009-9188 |

-7-

| 5 | 07-12-04 | Islamic Center special account monthly statement for the period 06-11-04 through 07-12-04 | Bank of America P.O. Box 25118 Tampa, FL 33622-5118 | Dr. Abdullah M Khouj Special for Islamic Ctr C/O Islamic Ctr P.O. Box 53188 Washington, D.C. 20009-9188 |

**(Mail Fraud and Causing an Act to be Done, in violation of
Title 18, United States Code, Sections 1341 and 2)**

## COUNT SIX
### (INTERSTATE TRANSPORTATION OF STOLEN PROPERTY)

25. Paragraphs 1 through 10 and 12 through 23 of the Indictment are incorporated herein by reference.

26. From on or about October 2000, to in or about January 2006, in the District of Columbia, the defendant FARZAD DARUI, did willfully and knowingly transport, transmit and transfer, in interstate commerce, that is, between the District of Columbia and the Commonwealth of Virginia, a security of the value of $5,000 or more, that is, checks as enumerated below having a combined value of $8,716.48, well knowing the same to have been stolen:

| Count | Check Dated | Check # /Original Payee | Inserted Payee | Amount |
|-------|-------------|-------------------------|----------------|--------|
| 6 | 04/30/2003 | 78436 / Washington Gas | B.L.T. Services Inc. | $4,516.48 |
| | 10/31/2003 | 78736 / Travelers | Blue Line Incorporated | $4,200.00 |

**(Interstate Transportation of Stolen Property and Causing an Act to be Done,
in violation of 18 United States Code, Sections 2314 and 2)**

-8-

## COUNT SEVEN
## (THEFT IN THE FIRST DEGREE)

27. Paragraphs 1 through 10 and 12 through 23 of the Indictment are incorporated herein by reference.

28. From between in or about October 2000, until in or about January 2006, in a continuing course of conduct, in the District of Columbia, defendant FARZAD DARUI wrongfully obtained over $430,000 in monies from the Islamic Center of Washington, D.C., with the intent to appropriate the property to his own use or to the use of third persons.

**(Theft in the First Degree, in violation of Title 22, District of Columbia Code, Sections 3211(b)(2) and 3212(a))**

## FORFEITURE ALLEGATION

1. The violations alleged in Counts 1 through 5 of this Indictment are realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) as incorporated by Title 28, United States Code, Section 2461.

2. Upon conviction of one or more of the offenses alleged in Counts 1 through 5 of this Indictment, defendant FARZAD DARUI shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s), including but not limited to the following:

MONEY JUDGMENT – $434,911.21, which represents a sum of money equal to an amount of proceeds obtained as a result of the defendant's mail fraud scheme, in violation of Title 18, United States Code, Section 1341.

By virtue of the offenses charged in Counts 1 through 5 of this Indictment, any and all interest that the defendant has in the property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) (as incorporated by Title 28, United States Code, Section 2461 (c)).

3.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. Section 853(p) as incorporated by 28 U.S.C.

Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the

forfeitable property described above.

**(Criminal Forfeiture, pursuant to Title 28, United States Code, Section 2461(c) (incorporating Title 18, United States Code, Section 981(a)(1)(C) and Title 21, United States Code, Section 853), and Fed. R. Crim. P. 32.2)**

A TRUE BILL

FOREPERSON

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA

-11-

**EXHIBIT B**

**Misc. No. 1:07-mc-00387-RCL**

UNITED STATES

v.

FARZAD DARUI

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER:

Crim. No. 1:07-cr-00149-RCL

TO:
Registered Agent
Suntrust Bank
7474 Chancellor Drive
Orlando, FL 32809

*Monty Pilkingto*
*12-6    3:45*

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| **N/A** | **N/A** |
| | DATE AND TIME |

☑ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See "Attachment A."

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| NANCY MAYER-WHITTINGTON | 11/29/2007 |
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Victoria Toensing, diGenova & Toensing,
1776 K St. NW, #737, Washington, DC 20006
(202) 289-7701

FD-DISC-2033

| RECEIVED BY SERVER | DATE | PLACE |
|---|---|---|
| SERVED | DATE | PLACE |

SERVED ON (PRINT NAME)

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER[2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
              Date                Signature of Server

_____
Address of Server

ADDITIONAL INFORMATION

[1] As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, or Rule 45(c), Federal Rules of Civil Procedure.

[2] "Fees and mileage need not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)".

FD-DISC-2034

# ATTACHMENT "A"

1. All documents relating to any account in the name of Abdullah M. Khouj or Abdullah Khoj, or in the social security number 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 including, but not limited to:

   A. All signature cards on any account.

   B. All documents related to the establishment and maintenance of any account;

   C. All tax forms and W-8BEN filings related to any account;

   D. All monthly statements and cancelled checks for the months January 1, 1999 through December 31, 2006 for any account;

   E. All checks deposited and records of any deposit into any account from January 1, 1999 through December 31, 2006;

   F. All customer service notations made to any account from July 1, 1984 through December 31, 2006;

   G. All Currency Transaction Reports associated with any account from January 1, 2000 through December 31, 2006; and

   H. All reports of suspicious activity associated with any account from January 1, 2000 through December 31, 2006 including, but not limited to, complaints by Abdullah M. Khouj.

   These items must be returned to our office no later than the close of business on Monday, December 17, 2007. Please contact us with any questions or concerns regarding your compliance by this date.

   diGenova & Toensing
   1776 K St., NW, # 737
   Washington, DC 20006

   Phone: 202-289-7701

FD-DISC-2035

**EXHIBIT C**

**Misc. No. 1:07-mc-00387-RCL**

# United States District Court

FOR THE        DISTRICT OF     COLUMBIA   *586384*

UNITED STATES

V.

FARZAD DARUI

## SUBPOENA IN A CRIMINAL CASE

CASE NUMBER:

Crim. No. 1:07-cr-00149-RCL

TO:

Wachovia Bank

DEC 0 5 2007

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| N/A | N/A |
| | DATE AND TIME |

☑ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See "Attachment A."

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| NANCY MAYER-WHITTINGTON | |
| (By) Deputy Clerk | 11/29/2007 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Victoria Toensing, diGenova & Toensing,
1776 K St. NW, #737, Washington, DC 20006
(202) 289-7701

RETURN OF SERVICE[1]

586384

| RECEIVED BY SERVER | DATE | | PLACE | |
|---|---|---|---|---|
| SERVED | DATE | | PLACE | |

SERVED ON (PRINT NAME)

| SERVED BY (PRINT NAME) | | | TITLE | |
|---|---|---|---|---|

STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | | TOTAL |
|---|---|---|---|

DECLARATION OF SERVER[2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
Date

_____
Signature of Server

_____
Address of Server

ADDITIONAL INFORMATION

[1] As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, or Rule 45(c), Federal Rules of Civil Procedure.

[2] "Fees and mileage need not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (18 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)".

*586384*

# ATTACHMENT "A"

1. All documents relating to any account in the name of Abdullah M. Khouj or Abdullah Khoj, or in the social security number 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 including, but not limited to:

   A.  All signature cards on any account.

   B.  All documents related to the establishment and maintenance of any account;

   C.  All tax forms and W-8BEN filings related to any account;

   D.  All monthly statements and cancelled checks for the months January 1, 1999 through December 31, 2006 for any account;

   E.  All checks deposited and records of any deposit into any account from January 1, 1999 through December 31, 2006;

   F.  All customer service notations made to any account from July 1, 1984 through December 31, 2006;

   G.  All Currency Transaction Reports associated with any account from January 1, 2000 through December 31, 2006; and

   H.  All reports of suspicious activity associated with any account from January 1, 2000 through December 31, 2006 including, but not limited to, complaints by Abdullah M. Khouj.

   These items must be returned to our office no later than the close of business on Monday, December 17, 2007.  Please contact us with any questions or concerns regarding your compliance by this date.

                         diGenova & Toensing
                         1776 K St., NW, # 737
                         Washington, DC 20006

                         Phone: 202-289-7701

**EXHIBIT D**

**Misc. No. 1:07-mc-00387-RCL**

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

DISTRICT OF                    COLUMBIA

UNITED STATES OF AMERICA,

V.                                    **SUBPOENA IN A
                                       CRIMINAL CASE**

FARZAD DARUI.

Case Number:  1:07-cr-00149-RCL

TO:  CUSTODIAN OF RECORDS
     TEMPLE HEIGHTS POST OFFICE
     ~~1921 FLORIDA AVE NW~~
     ~~WASHINGTON, DC 20009-9997~~
     L'fs. L'efant plaza
     Post master

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below,
or any subsequent place, date and time set by the court, to testify in the above referenced case.   This subpoena shall
remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| United States District Court | |
| Chambers of The Honorable Royce C. Lamberth | DATE AND TIME |
| 333 Constitution Ave. NW, Washington DC   20001 | 12/28/2007 10:00 am |

☑ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See Attachment A.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| Signature and Seal on attached page. | 12/13/2007 |
| (By) Deputy Clerk | |

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

_____ DISTRICT OF _____

V.

### SUBPOENA IN A
### CRIMINAL CASE

CASE NUMBER:

TO:

☐  **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| NANCY MAYER-WHITTINGTON | |
| (By) Deputy Clerk | |

AO 89  (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **RECEIVED BY SERVER** | | |
| **SERVED** | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ YES    ☐ NO    AMOUNT $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

ADDITIONAL INFORMATION

## Attachment A

All documents referring or relating to the Post Office Box rented by Abdullah M. Khouj.

**EXHIBIT E**

**Misc. No. 1:07-mc-00387-RCL**

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

| FOR THE | DISTRICT OF | COLUMBIA |

UNITED STATES OF AMERICA,

v.

FARZAD DARUI

**SUBPOENA IN A
CRIMINAL CASE**

Case Number:   1:07-cr-00149-RCL

TO:    CUSTODIAN OF RECORDS
BB&T CORPORATION
C/O CT CORPORATION SYSTEM, REGISTERED AGENT
225 HILLSBOROUGH STREET
RALEIGH, NC 27603

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case.   This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| United States District Court
Chambers of the Honorable Royce C. Lamberth
333 Constitution Ave. NW, Washington DC 20001 | |
| | DATE AND TIME
1/21/2008 10:00 am |

☑ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See Attachment A.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| Signature and Seal on attached page. | 1/3/2008 |
| (By) Deputy Clerk | |
| Signature and Seal on attached page. | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Aaron S. Book/Steven T. Webster, Counsel for Defendant
1 North King Street, Leesburg, Virginia 20176
703-779-8767; 703-779-8229; Fax: 703-991-9178; abook@websterbook.com; swebster@websterbook.com

# United States District Court

_____ DISTRICT OF _____

**SUBPOENA IN A
CRIMINAL CASE**

V.

CASE NUMBER:

TO:

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|-------|-----------|
|       | DATE AND TIME |

☐ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|-----------------------------------------|------|
| NANCY MAYER-WHITTINGTON |  |
| (By) Deputy Clerk |  |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

AO89 (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| RECEIVED BY SERVER | | |
| SERVED | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ YES    ☐ NO    AMOUNT $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

ADDITIONAL INFORMATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Misc. No 1:07-mc-00387 (RCL)** |
| | ) | |
| **FARZAD DARUI,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### ORDER

Upon consideration of the motion of Dr. Abdullah M. Khouj to quash the subpoenas served upon on SunTrust Bank on November 29, 2007, on Wachovia Bank on November 29, 2007, on the United States Post Master on December 13, 2007, on BB&T Corporation on January 3, 2008, and any other similarly defective subpoenas, the opposition thereto, and the argument on the motion, it is hereby

1.     ORDERED this _____ day of January, 2008, that the motion of Dr. Abdullah M. Khouj to quash the subpoenas served on SunTrust Bank, Wachovia Bank, the United States Post Master, BB&T Corporation, and all other subpoenas served by the Defendant that call for any personal or financial information relating to Dr. Khouj is GRANTED; it is further

2.     ORDERED that Defendant shall forthwith file with the Court and serve on the United States and on Dr. Khouj a list of all such other subpoenas and the respective dates on which they were served, and shall attach to such list a copy of each such subpoena; and it is further

3.     ORDERED that Defendant shall forthwith turn over all documents produced by SunTrust Bank, Wachovia Bank, the United States Post Master, or BB&T Corporation, and all

other materials produced in response to any subpoena within the scope of paragraph 1 of this

Order, and all copies thereof to the Court  [or to Dr. Abdullah Khouj or his counsel]; it is further

4.      ORDERED that Defendant shall forthwith destroy all notes and all other

documents derived from or in any way referring to or reflecting the contents of any document so

produced; it is further

5.      ORDERED that, within three business days after compliance with the two

foregoing paragraphs of this Order, counsel for the Defendant shall file with the Court a

certification by counsel that the Defendant has complied with those two paragraphs, and shall

provide service copies of the certification to the United States and to Dr. Khouj; it is further

6.      ORDERED that Defendant shall not serve any additional subpoenas duces tecum

under Rule 17(c) of the Federal Rules of Criminal Procedure without having obtained approval

from this Court on motion for such approval, and shall comply with the requirements of Rule 17

of the Federal Rule of Criminal Procedure, it is further

7.    ORDERED that, where a proposed Rule 17(c) subpoena would seek any documents relating to the The Islamic Center of Washington, D.C. or to Dr. Abdullah M. Khouj, the Defendant shall serve the Center and/or Dr. Khouj, as applicable, with the motion for approval of the subpoena.


_____

Hon. Royce C. Lamberth
United States Judge


Copies to:

Richard M. Cooper, Esq.
Robert P. Watkins, Esq.
Ana C. Reyes, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901
   *Counsel for Dr. Abdullah M. Khouj*

Victoria Toensing, Esq.
Joseph diGenova, Esq.
Brady Toensing, Esq.
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006

Ronald Wesley Sharpe, Esq.
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
555 Fourth Street, N.W.
Washington, D.C. 20530
   *Counsel for the United States*

Aaron S. Book, Esq.
Steven T. Webster, Esq.
WEBSTER BOOK LLP
1 North King Street
Leesburg, VA 20176
   *Counsel for Defendant*