UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Misc. No. 07-MC-00387 (RCL) |
| | : | |
| **FARZAD DARUI,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**GOVERNMENT'S MOTION TO SCRUTINIZE DEFENSE TRIAL SUBPOENAS AND
RESPONSE TO DR. KHOUJ'S MOTION TO QUASH RULE 17(C) SUBPOENAS
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully requests, pursuant to Federal Rules of Criminal Procedure, that the Court take appropriate steps to limit the defendant's use of trial subpoenas. In reviewing Dr. Khouj's motion and the documents produced by the defense, the government believes the defense may be abusing its trial subpoena power under Rule 17 to compel third parties to produce private and confidential documents and material related to government witnesses that they are not entitled to obtain. As discussed below, the government believes the defense is engaging in a prohibited fishing expedition, and is using trial subpoenas to obtain documents and materials whose only potential use could be to potentially harass or embarrass government witnesses prior to trial. Due to the serious issues raised by the defense subpoenas that have been disclosed to date (and there are undoubtedly others), the government requests that the Court immediately (1) stay the production of all materials subpoenaed by the defense, and have the defense inform these subpoenaed entities of the stay; and (2) order the defense to produce a full list of all trial

subpoenas it has issued in this case so that it can be reviewed by the government, or if necessary, the Court *in camera*.

### I.   Some Defense Subpoenas Issued Have Violated Rule 17(c)

Recently, the defense has produced discovery to the government of records that were obtained in response to defense issued trial subpoenas. Among the items produced to the government were copies of Dr. Khouj's personal banking and checking records that were obtained via defense trial subpoenas to BB&T and Wachovia Bank. In addition to producing the documents, the defense also produced to the government the trial subpoenas they issued to obtain the banking records. See Exhibit 1 (Subpoena issued to Wachovia Bank); and Exhibit 2 (Subpoena issued to BB&T). The government is concerned about two aspects of these subpoenas.

First, the subpoenas violate Rule 17 in that they request a large amount of materials that are of questionable admissibility. As the Court is aware, to properly subpoena documents under Rule 17, the defense must show relevance, admissibility and specificity of the targeted documents. See, e.g., United States v. Nixon, 418 U.S. 683, 699-700 (1974). The government agrees with Dr. Khouj that the subpoenas issued by the defendant for Dr. Khouj's bank records fail this basic test. The subpoenas are facially overbroad in that they sought substantially all of Dr. Khouj's banking records irrespective of age or timing, see Exhibit 1 at 3, and the defense has not identified a theory of the case that would make these documents admissible.[1] As this Court is aware, Rule 17 prohibits

---

[1] In its pleadings, the defense has suggested that the money taken by the defendant from the Islamic Center was money that Dr. Khouj owed to him. If the defense intended to argue that Dr. Khouj did not have independent assets to pay the defendant for this alleged debt (and thus he used the Islamic Center assets), the records produced clearly put this rest, as Dr. Khouj had more than enough personal assets to pay the defendant a lump sum of over $400,000. Even if the defense believed this to be impeachment information, "generally speaking, impeachment materials may not be obtained through a Rule 17(c) subpoena because such materials fail

defense fishing expeditions, and "[a] defendant's 'mere hope' that the documents will produce favorable evidence will not support the issuance of a subpoena." United States v. Johnson, 2008 WL 62281 (N.D. Cal., Jan. 4, 2008) at *2 (quoting United States v. Hang, 75 F.3d 1275, 1283 (8th Cir. 1996)); United States v. Libby, 432 F.Supp.2d 26, 32 (D.D.C. 2006) (recognizing Rule 17 prohibits defendant from using subpoenas as a "fishing expedition to see what may turn up" (citation omitted)).

Second, at least one of the defendant's trial subpoenas appears to have been issued on the same day the Court granted the defense's motion to continue the trial. See Exhibit 2 at 1 (subpoena issuance date is 1/3/08). Significantly, the same BB&T trial subpoena required the production of Dr. Khouj's personal banking records on January 21, 2008: this date is not the new trial date that the defense requested, and it is also a federal holiday. Id. The issuance of this flawed subpoena after the trial date had already been continued compelled BB&T to make an early production of documents to the defendant in January (not May) and is a plain abuse of Rule 17(a).

## II.    In Light of Deficient Subpoenas, the Government Requests Additional Scrutiny of Defendant's Trial Subpoenas

The fact that the defense issued the flawed BB&T and Wachovia subpoenas suggests that they are engaging in a broader effort to obtain documents and materials to which they are not entitled. The government believes, therefore, that the defense may be acting as a mini-grand jury (of course, with none of the Rule 6 protections), and engaging in wide-ranging, fishing expeditions

---

Nixon's admissibility requirement." See, e.g., Ferguson v. United States, 2007 WL 4577303 (D. Conn. Dec. 26, 2007) (citing cases).

of government witnesses.[2] The defendant has no right to use trial subpoenas in this way, and the government asks the Court to order that the production of all materials responsive to a defendant's subpoena be stayed, and the defense immediately produce copies of all subpoenas it has issued to date. The government sees no reason why the defense would be prejudiced by producing this list to the government (as it has been complying with the government's long standing discovery requests). If the defense objects to this procedure, the government does not object to a Court review the defendant's subpoenas *in camera* to determine whether they meet the requirements of Rule 17. Under the circumstances, the government believes that the defense subpoenas should be examined with particular scrutiny.

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            UNITED STATES ATTORNEY
                                            DC Bar No. 498610

By:           /s/
                Tejpal S. Chawla, D.C. Bar No. 464012
                Ronald W. Sharpe, D.C. Bar. No. 434575
                Assistant United States Attorneys
                555 4th Street, NW
                Room 5233
                Washington, D.C. 20530
                (202) 353-2442 (Chawla)

---

[2] Because the government has already produced almost all of the Jencks materials in this case early in order to assist the defense in preparing for the anticipated the January 14th trial date, there is an even greater risk that the defense may be subpoenaing irrelevant materials in order to harass or embarrass these now-identified witnesses.

# United States District Court

FOR THE _____ DISTRICT OF _____ COLUMBIA  586384

UNITED STATES

v.

FARZAD DARUI

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER:

Crim. No. 1:07-cr-00149-RCL

TO:

Wachovia Bank

DEC 0 5

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| N/A | N/A |
| | DATE AND TIME |

☑ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See "Attachment A."

U.S. MAGISTRATE JUDGE OR CLERK OF COURT
NANCY MAYER-WHITTINGTON
(By) Deputy Clerk

DATE
11/29/2007

ATTORNEYS NAME, ADDRESS AND PHONE NUMBER:
Victoria Toensing, diGenova & Toensing,
1776 K St. NW, #737, Washington, DC 20006
(202) 289-7701

| | | RETURN OF SERVICE [1] | 586384 |
|---|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE | |
| SERVED | DATE | PLACE | |

SERVED ON (PRINT NAME)

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

DECLARATION OF SERVER [2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
                    Date                      Signature of Server

                                         _____
                                              Address of Server

ADDITIONAL INFORMATION

[1] As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, or Rule 45(c), Federal Rules of Civil Procedure.

[2] "Fees and mileage need not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825; Rule 17(b) Federal Rules of Criminal Procedure)".

*586384*

# ATTACHMENT "A"

1. All documents relating to any account in the name of Abdullah M. Khouj or Abdullah Khoj, or in the social security number _____ including, but not limited to:

    A. All signature cards on any account.

    B. All documents related to the establishment and maintenance of any account;

    C. All tax forms and W-8BEN filings related to any account;

    D. All monthly statements and cancelled checks for the months January 1, 1999 through December 31, 2006 for any account;

    E. All checks deposited and records of any deposit into any account from January 1, 1999 through December 31, 2006;

    F. All customer service notations made to any account from July 1, 1984 through December 31, 2006;

    G. All Currency Transaction Reports associated with any account from January 1, 2000 through December 31, 2006; and

    H. All reports of suspicious activity associated with any account from January 1, 2000 through December 31, 2006 including, but not limited to, complaints by Abdullah M. Khouj.

These items must be returned to our office no later than the close of business on Monday, December 17, 2007. Please contact us with any questions or concerns regarding your compliance by this date.

diGenova & Toensing
1776 K St., NW, # 737
Washington, DC 20006

Phone: 202-289-7701

# UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____ COLUMBIA

UNITED STATES OF AMERICA,

V.

FARZAD DARUI

SUBPOENA IN A
CRIMINAL CASE

Case Number:  1:07-cr-00149-RCL

TO: CUSTODIAN OF RECORDS
BB&T CORPORATION
C/O CT CORPORATION SYSTEM, REGISTERED AGENT
225 HILLSBOROUGH STREET
RALEIGH, NC 27603

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| United States District Court<br>Chambers of the Honorable Royce C. Lamberth<br>333 Constitution Ave. NW, Washington DC 20001 |  |
| | DATE AND TIME<br>1/21/2008 10:00 am |

☑ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See Attachment A.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| Signature and Seal on attached page. | 1/3/2008 |
| (By) Deputy Clerk | |
| Signature and Seal on attached page. | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Aaron S. Book/Steven T. Webster, Counsel for Defendant
1 North King Street, Leesburg, Virginia 20176
703-779-8767; 703-779-8229; Fax: 703-991-9178; abook@websterbook.com; swebster@websterbook.com

# United States District Court

_____ DISTRICT OF _____

V.

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER:

TO:

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| NANCY MAYER-WHITTINGTON | |
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

AO89 (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES   ☐ NO   AMOUNT $ _____ |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

ADDITIONAL INFORMATION

Attachment A

1.  All documents, including, but not limited to, account information, statements, and applications, referring or relating to any credit card held by Abdullah M. Khouj (Taxpayer Identification No.

2.  All documents, including, but not limited to, account information, statements, and applications, referring or relating to any other accounts held by Abdullah M. Khouj (Taxpayer Identification No.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Misc. No. 07-MC-00387 (RCL) |
| : | |
| FARZAD DARUI   : | |
| : | |
| Defendant   : | |
| _____ : | |

### ORDER

_____After having considered the Government's Motion to Scrutinize Defense Trial Subpoenas, and Memorandum of Points and Authorities in Support Thereof, any opposition and Reply thereto, oral argument, and the entire record in this matter, it is hereby:

ORDERED that the government's motion be, and hereby is, GRANTED, and

ORDERED that production by of documents or materials response to Defendant subpoenas issued in this case be immediately stayed, and that the Defendant immediately contact all entities that are producing said documents and materials to alert them to this ORDER, and

FURTHER ORDERED that the Defendant, and counsel, is ordered to produce by January ____, 2008 a copy of all subpoenas issued in the above-captioned case for inspection to the Court and the Government.


**SO ORDERED** this _____ day of _____, 2008.


_____
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE