UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Misc. No 1:07–mc–00387 (RCL) |
| | ) |
| FARZAD DARUI, | ) |
| | ) |
| Defendant. | ) |
| | ) |

REPLY MEMORANDUM OF ABDULLAH M. KHOUJ
IN SUPPORT OF HIS MOTION TO QUASH THE
RULE 17(c) SUBPOENAS SERVED BY DEFENDANT
FARZAD DARUI ON THREE ENTITIES

BACKGROUND

The instant matter arises from the Federal Rule of Criminal Procedure 17(c) subpoenas served by Darui in recent months. These subpoenas seek irrelevant private and confidential personal and financial information about Dr. Khouj. On January 10, 2008, Dr. Khouj filed a Motion to Quash the subpoenas served on SunTrust Bank ("SunTrust") on November 29, 2007, on Wachovia Bank ("Wachovia") on November 29, 2007, and on the United States Post Master (the "Post Master") on December 13, 2007.[1]

The Government filed a Motion to Scrutinize Defense Trial Subpoenas in support of Dr. Khouj's Motion to Quash on January 19, 2008. Thereafter, on January 22, 2008, Darui filed a Brief in Opposition to Dr. Khouj's Motion to Quash. Dr. Khouj, by his counsel, now files this

---

[1] On January 18, 2008, Dr. Khouj filed a motion for leave to amend his motion to quash to address the subpoena served on BB&T Corporation ("BB&T") on January 3, 2008, as well as any other Rule 17(c) subpoena seeking private and confidential information about Dr. Khouj. The Motion for Leave to Amend has not been granted as of the date of this filing.

Reply Memorandum in Support of His Motion to Quash the Subpoenas on SunTrust, Wachovia, and the Post Master.

## ARGUMENT

The defendant cannot expand the scope of Rule 17(c) to provide a broad means of discovery in his criminal case. Such expansion directly contradicts a well-settled principle in the federal courts: Rule 17(c) "was *not intended* to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698 (1974) (emphasis added). To that end, a Rule 17(c) subpoena is enforceable only if it satisfies the three requirements of "(1) relevancy, (2) admissibility, [and] (3) specificity." *Id.* at 700; *see also United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006). When, as here, a criminal defendant fails to show that the subpoenas meet *Nixon*'s requirements, the subpoenas should be quashed. *Id.* at 31.

### I. THERE IS NO BASIS TO CONCLUDE THAT THE SUBPOENAS AT ISSUE MEET *NIXON*'S REQUIREMENTS.

Darui has failed to provide this Court with any basis to conclude that the subpoenas at issue meet any of *Nixon*'s requirements of relevancy, admissibility, and specificity. Darui's Brief in Opposition does not present a single coherent argument that demonstrates compliance with the requirements of *Nixon*.

Indeed, Darui does not even purport to justify the severe overbreadth of these subpoenas, nor could he. *See* Def. Br. in Opp. Dr. Khouj's Mot. to Quash Subpoenas Served By Darui on Three Entities (hereinafter "Def. Br. in Opp."). None of the demands listed in the three subpoenas includes a time limitation or identifies a specific document. Rather, they seek impermissibly "to examine general categories of documents with the hope that they contain information that may be helpful to his defense." *Libby*, 432 F. Supp. 2d at 35. As Darui's

silence admits, the overbreadth of these subpoenas indefensibly disregards *Nixon*'s specificity requirement.

Moreover, Darui has failed to present a coherent argument regarding relevancy or admissibility. In his Brief in Opposition, Darui avoids addressing whether the demanded documents are relevant to the indictment or admissible as part of a relevant defense. Instead, he obfuscates the issue by belaboring unsubstantiated accusations about Dr. Khouj's truthfulness and his relationship with Debbi Estrada. Def. Br. in Opp. 5-8. These bare accusations are entirely unrelated to *Nixon*'s relevancy and admissibility requirements. Even if the subpoenaed personal and financial documents would substantiate Darui's accusations—a dubious proposition that Darui does not even claim—these materials could be relevant only to impeachment, which is not a valid ground for a Rule 17(c) subpoena. *Nixon*, 418 U.S. at 701; *see also Libby*, 432 F. Supp. at 37–38.

The subpoenas at issue do not become proper simply because Darui asserts that he believes that "[t]he information requested in the subpoenas is important to Darui's defense." Def. Br. in Opp. 8. Rather "[a] subpoena . . . that fails to satisfy [*Nixon*'s] three requirements . . . must be either quashed or modified." *Libby*, 432 F. Supp. at 31. Thus, because Darui has not shown—and could not show—that the subpoenas meet *Nixon*'s requirements of relevancy, admissibility, and specificity, these subpoenas are improper under Rule 17(c) and should be quashed.

## II.   THIS COURT HAS YET TO SCRUTINIZE THE POST MASTER SUBPOENA UNDER RULE 17(c).

Darui mistakenly contends that the subpoena to the Post Master should not be quashed because (1) "the documents requested by Darui's subpoenas to the Postal Service are the same documents that this Court ordered Khouj himself to produce," Def. Br. in Opp. 1, and (2) the

Court did not grant the Post Master's Motion to Quash, Def. Br. in Opp. 4-5. These arguments are unavailing. This Court has not yet scrutinized the Post Master subpoena to determine whether it complies with *Nixon*'s requirements.

The subpoena to the Postal Service demands a significantly broader scope of material than the demand in the subpoena to Dr. Khouj. After modification by this Court, the subpoena to Dr. Khouj demanded "[a]ny document reflecting use of a Post Office Box between October 1, 2000 through January 31, 2006." Order ¶2 (filed Dec. 5, 2007) (attached hereto as Exhibit A). In contrast, the subpoena to the Post Master more broadly requests "[a]ll documents referring or relating to the Post Office Box rented by Abdullah M. Khouj," without limitation of time. Subpoena to United States Post Master ¶ 1 (attached hereto as Exhibit B). Plainly, and contrary to Darui's assertion, the subpoena to the Post Master is significantly broader than the modified subpoena to Dr. Khouj because it does not contain any time limitation. Moreover, whereas the "any" language in the subpoena to Dr. Khouj required that he produce only documents that "reflect[ed]" use of any such Post Office Box, the Post Master subpoena requires *"all"* documents that so much as "refer[] or relate[]" to the Post Office Box. Thus, the Post Master subpoena requests a significantly broader range of documents than the subpoena to Dr. Khouj.

In addition, this Court's denial of the Post Master's motion to quash was not based on any determination by the Court of the relevancy, admissibility, or specificity of the documents the Post Master subpoena sought. The Post Master's motion to quash was filed to protect the Postal Service's interest in avoiding the difficulty and expense of conducting a search for responsive materials. The Post Master's Motion did not raise the issue of Darui's noncompliance with *Nixon*'s requirements. Post Master Mot. to Quash (filed Dec. 21, 2007) (attached hereto as Ex. C). Dr. Khouj's Motion to Quash does raise the issue of that very

noncompliance. Thus, Dr. Khouj's motion presents grounds that are entirely distinct from those raised by the Post Master. Therefore, the Court's ruling on the Post Master's motion should have no effect on its consideration of the instant motion by Dr. Khouj.

## CONCLUSION

For the foregoing reasons, the Court should grant Dr. Khouj's motion to quash the subpoenas served on SunTrust, Wachovia, and the Post Master by the defendant.

                                        Respectfully submitted,

                                      Williams & Connolly LLP

                                      By: _____
                                      Richard M. Cooper (DC Bar 92817)
                                      Robert P. Watkins (DC Bar 051839)
                                      Ana C. Reyes (DC Bar 477354)

                                      725 Twelfth Street, N.W.
                                      Washington, DC  20005-5901
                                      (202) 434-5000
                                      (202) 434-5029 (fax)

                                      *Counsel for Dr. Abdullah M. Khouj*

Dated:  January 29, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2008, a true copy of the foregoing was served by first class mail on the following:

Ronald Wesley Sharpe, Esq.
Tejpal S. Chawla, Esq.
U.S. ATTORNEY'S OFFICE
555 Fourth Street, N.W.
Washington, D.C. 20530

Victoria Toensing, Esq.
Joseph diGenova, Esq.
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006

Aaron S. Book, Esq.
Steven T. Webster, Esq.
WEBSTER BOOK LLP
1 North King Street
Leesburg, VA  20176

*Counsel for Defendant*

Richard M. Cooper

**EXHIBIT A**

**Misc. No. 1:07-mc-00387-RCL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Misc. Nos. 07-mc-386 (RCL) |
| ) | 07-mc-387 (RCL) |
| FARZAD DARUI, ) | |
| ) | |
| Defendant. ) | |

**FILED**
**DEC - 5 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER

Pursuant to the discussion with counsel this date, it is hereby

ORDERED that movant Abdullah Khouj shall produce to this Court for defendant's review no later than December 18, 2007, the following materials:

1. The agreement entered into on or about 2004 between Khouj and The Islamic Center with Farzad Darui and Zaal, Inc. and signed by Khouj, regarding services to be provided by Zaal;

2. Any document reflecting use of a Post Office Box between October 1, 2000 through January 31, 2006;

3. All W-8BEN filings and/or forms corresponding with any bank account to which movant Khouj was a signatory from October 1, 2000 through January 31, 2006;

4. All cancelled checks made out to Farzad Darui, Blue Line Travel, Inc., Blue Line Travel, B.L.T., Zaal, Inc., and Zaal to which movant Khouj was a signatory between October 1, 2000 through January 31, 2006. It is further

ORDERED that movant Khouj shall provide this Court with 3 copies of the produced

materials. It is further

ORDERED that movant Islamic Center shall produce to this Court for *ex parte, in camera* review no later than December 18, 2007, the following materials:

1. Names of all persons employed by The Islamic Center from October 1, 2000 through January 31, 2006;

2. All pay stubs, time cards, W-4 forms, employee files and records of payment of tax withholdings for all employees described in #1, above;

3. All newsletters and bulletins from The Islamic Center from October 1, 2000 through December 31, 2003;

4. All printing receipts, payments records, and typesetting receipts for all newsletters and bulletins from The Islamic Center from October 1, 2000 through December 31, 2003;

5. All contracts and/or agreements with vendors, independent contractors, and service providers of The Islamic Center between October 1, 2000 through January 31, 2006, including, but not limited to, all facility maintenance and/or improvement vendors;

6. All monthly and year-end income and expense statements of The Islamic Center from October 1, 2000 through January 31, 2006;

7. All accounting and financial audits of The Islamic Center performed between October 1, 2000 and January 31, 2006 including, but not limited to, all audits performed by Hausler & Associates.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, on December 5, 2007.

**EXHIBIT B**

**Misc. No. 1:07-mc-00387-RCL**

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____ COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> V. <br><br> FARZAD DARUI. | **SUBPOENA IN A CRIMINAL CASE** <br><br> Case Number: 1:07-cr-00149-RCL |

TO:  CUSTODIAN OF RECORDS
     TEMPLE HEIGHTS POST OFFICE
     ~~1921 FLORIDA AVE NW~~
     ~~WASHINGTON, DC 20009-9997~~

     475. L'Enfant Plaza
     Post master

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE <br> United States District Court <br> Chambers of The Honorable Royce C. Lamberth <br> 333 Constitution Ave. NW, Washington DC  20001 | COURTROOM <br><br> DATE AND TIME <br> 12/28/2007 10:00 am |
|---|---|

☑ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See Attachment A.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT <br> Signature and Seal on attached page. <br> (By) Deputy Clerk | DATE <br><br> 12/13/2007 |
|---|---|

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

_____ DISTRICT OF _____

V.

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER:

TO:

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

U.S. MAGISTRATE JUDGE OR CLERK OF COURT

NANCY MAYER-WHITTINGTON

(By) Deputy Clerk

DATE

AO 89 (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES   ☐ NO   AMOUNT $ _____ |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

ADDITIONAL INFORMATION

## Attachment A

All documents referring or relating to the Post Office Box rented by Abdullah M. Khouj.