# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ABDULLAH M. KHOUJ,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Misc. No. 07-387 (RCL)** |
| | ) | |
| **FARZAD DARUI,** | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM OPINION</u>

Presently before the Court is Dr. Abdullah M. Khouj's motion [10] to quash certain Rule

17(c) subpoenas served by defendant Farzad Darui.[1]  Upon consideration of the motion, the

opposition and reply thereto, the applicable law, and the record herein, this Court finds that the

motion to quash should be DENIED.

## I.  BACKGROUND

On October 3, 2007, this Court granted Darui's motion for an order permitting Darui to

---

[1]  Khouj initially moved to quash subpoenas issued to three entities:  SunTrust Bank ("SunTrust"), Wachovia Bank ("Wachovia"), and the United States Post Master.  (*See* Mot. to Quash.)  On January 23, 2008, Khouj filed a motion [12] for leave to amend his motion to quash to address an additional subpoena that Darui issued to BB&T Corporation ("BB&T").  (*See* Am. Mot. to Quash.)  At a hearing held on April 11, 2008, this Court granted Khouj's oral motion to amend the motion to quash to include a total of nine entities that have been served by Darui with subpoenas seeking documents related to Khouj.  These nine entities include: (1) SunTrust; (2) Wachovia; (3) JP Morgan Chase; (4) BB&T; (5) First Union National Bank; (6) Temple Heights Post Office; (7) Citibank; (8) Bank of America; and (9) a subpoena issued directly to Khouj.  The subpoena issued to Khouj was addressed in a previous motion to quash filed by Khouj on October 24, 2007.  That subpoena was modified by this Court in an order issued December 18, 2007.

issue early return subpoenas duces tecum under Federal Rule of Criminal Procedure 17(c).[2]

Pursuant to the Court's Order, Darui issued subpoenas to various entities seeking documents

relating to Dr. Abdullah M. Khouj.[3]  The subpoenas seek financial records from various banking

institutions as well as documents from the United States Post Master reflecting Khouj's use of a

post office box.  Khouj has moved to quash on grounds that, *inter alia*, the subpoenas misuse

Rule 17(c) as a discovery device and that they are impermissibly overbroad and irrelevant under

*United States v. Nixon*, 418 U.S. 683 (1974).  Khouj asks this Court to quash the subpoenas

notwithstanding the fact that each of the entities at issue have already produced documents to

Darui or otherwise complied with the subpoenas.[4]  Khouj further seeks an order barring Darui's

use at trial of any information procured as a result of the subpoenas.  Khouj also requests that this

Court require Darui to notify him before issuing any additional subpoenas seeking Khouj's

personal information.

---

[2] Notably, the government did not oppose Darui's motion for early return subpoenas. (*See* Order, Oct. 3, 2007 ("the parties to this matter are in agreement that the Motion should be granted").)

[3] Khouj has been named by the government as a witness in this matter and it is expected that he will be called to testify at trial.

[4] As of the date Khouj filed his initial motion to quash, SunTrust and Wachovia had already produced documents in response to the subpoenas.  (*See* Mem. Supp. Mot. to Quash 3.) The Post Master unsuccessfully moved to quash its subpoena, but as of the date of Khouj's first motion to quash, the Post Master had not yet produced any documents.  (*See id.*)  Similarly, when Khouj filed his motion for leave to amend the motion to quash to include BB&T, that entity had already produced documents responsive to the subpoena.  (*See* Mem. Supp. Am. Mot. to Quash 3.)  At the time of Khouj's oral motion to amend the motion to quash to include all nine entities served by Darui, each of the entities had already produced documents or otherwise complied with the subpoenas.

## II.  DISCUSSION

**A.     The Court's October 3, 2007 Order**

As a preliminary matter, this Court shall address Khouj's argument that Darui lacked authority to issue the subpoenas.  According to Khouj, Darui had no authority to subpoena any entities other than those originally listed in this Court's Order dated August 8, 2007.  (*See* Mem. Supp. Am. Mot. to Quash 4.)  Darui counters that subsequent to the August 8 Order, the government agreed to a consent motion for an order allowing Darui to issue additional early return subpoenas.  Neither Darui's motion nor his proposed order included any restrictions as to the entities to be served.  In light of these facts, the subpoenas subsequently issued by Darui were fully authorized pursuant to this Court's October 3, 2007 Order.  Khouj's argument that Darui issued the subpoenas at issue in violation of this Court's order must be rejected.

**B.     Mootness**

In his motion papers and during the April 11, 2008 hearing, Khouj argued that the subpoenas should be quashed and that the documents produced in response to the subpoenas should be ordered returned or destroyed.  According to Khouj, Darui violated Rule 17(c) by issuing the subpoenas returnable to defense counsel rather than to the Court.  Khouj claims that if Darui directed the subpoenaed entities to return documents to the Court in the first instance, Darui would never have gained access to the documents.  Khouj's arguments fail for two reasons.  First, the plain language of Rule 17(c) does not place an absolute requirement on parties to direct subpoenaed entities to return items to the Court as Khouj suggests.  Rather, Rule 17(c)(1) provides, in relevant part,

> *The court may* direct the witness to produce the designated items in court before trial or before they are to be offered into evidence. When the items arrive, *the court may* permit the parties and their attorneys to inspect all or part of them.

FED. R. CRIM. P. 17(c)(1) (emphasis added). The Court's October 3, 2007 Order placed no restrictions on where the subpoenaed materials should be delivered.[5]

Second, Khouj's assertion that Darui would not have gained access to the produced documents had they been returned to the Court is premised on pure speculation. The plain language of Rule 17(c)(1) provides that it is within the court's discretion to permit the parties to inspect the subpoenaed materials. Accordingly, even if Darui directed the entities to return the documents to the Court in the first instance, Khouj may only speculate as to what action the Court would have taken upon receipt of the materials. Khouj ignores that this Court would have had no reason to conduct a *Nixon* analysis unless presented with a motion to quash. Further, since Khouj did not become aware of the subpoenas until some time after their issuance, there is no basis for this Court to believe that circumstances would have been any different had the documents been returned here rather than to defense counsel. This Court refuses to base its ruling on such speculation.

Moreover, Rule 17(c)(2) provides that "*on motion made promptly*, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." FED. R. CRIM. P.

---

[5] One month later, at a hearing held on November 11, 2007, this Court advised Darui that he should use the Court's chambers as the place of delivery. On November 29, 2007, Darui issued subpoenas to Citibank, SunTrust, and Wachovia that instructed the banks to return the documents to defense counsel's office rather than to chambers. During a December 5, 2007 meeting with defense counsel, the government, and counsel for Khouj, the Court directed defense counsel to ensure that all subpoenaed documents were delivered to chambers. On December 21, 2007, defense counsel delivered documents received from Wachovia and SunTrust to chambers as instructed. Darui's failure to strictly adhere to the Court's instructions, however, does not alter the Court's conclusion on the instant motion.

17(c)(2) (emphasis added).  At all times, the government had standing to file a motion to quash

the subpoenas at issue.  *See United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)

(government has standing to move to quash a third-party subpoena based "upon its interest in

preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-

emphasis on [witness] credibility"); *United States v. Segal*, 276 F. Supp. 2d 896, 900 (N.D. Ill.

2003) (government has legitimate interest in preventing harassment of its witness and in

preventing over-emphasis on the witness's credibility, and therefore has standing to quash third-

party subpoena).  The same is true as to the entities which received the subpoenas.  Yet neither

the government nor the subpoenaed entities (except for the Post Master) moved to quash and the

documents have now been produced.  Despite this fact, Khouj argues that "'compliance with the

subpoena does not make [his motion] moot.'"  (Mem. Supp. Am. Mot. to Quash 7 (quoting *SEC*

*v. Inv. Tech, Inc.*, 200 Fed. App'x 858, 898 (11th Cir. 2006)).)  Khouj relies in large part on

*Church of Scientology of California v. United States*, 506 U.S. 9 (1992).  In that case, the

Supreme Court held that a court's ability to fashion a partial remedy, such as ordering the return

or destruction of already-produced materials, is sufficient to prevent mootness on appeal.  *See*

*Church of Scientology*, 506 U.S. at 13.  Khouj cites no authority, however, and this Court has

found none, that permits such a remedy in a criminal case.  Under the circumstances presented

here, this Court's post-hoc finding that the subpoenas fail under *Nixon* must give way to Darui's

Sixth Amendment compulsory process right to retain and use materials that he has lawfully

obtained.[6]

---

[6] Indeed, upon examination of the subpoenas at issue, this Court has little doubt that they are largely irrelevant to the charges in the indictment, seek information that is not likely to be admissible at trial except to impeach Khouj's testimony, and are grossly overbroad.  *See Nixon*,

### III.  CONCLUSION

For the foregoing reasons, Khouj's motion to quash the Rule 17(c) subpoenas will be

DENIED.

A separate order shall issue this date.

 SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, on April 15, 2008.

---

418 U.S. at 700 (Rule 17(c) subpoenas must meet the requirements of "(1) relevancy; (2) admissibility; [and] (3) specificity.")  Many of the subpoenas issued here—which are not unlike the subpoena that this Court quashed in large part in its December 18, 2007 Order—seek "all documents relating to any account" held by Khouj, without time limitation.  (*See, e.g.*, Suntrust Subpoena, Mem. Supp. Am. Mot. to Quash, Ex. B, ¶ 1; Wachovia Subpoena, Mem. Supp. Am. Mot. to Quash, Ex. C, ¶ 1.)  The subpoenas further contain phrases such as "including, but not limited to" and list categories of sought after documents that nearly always begin with the word "all." (*See, e.g.*, Suntrust Subpoena, Mem. Supp. Am. Mot. to Quash, Ex. B, ¶¶ 1, A–H; Wachovia Subpoena, Mem. Supp. Am. Mot. to Quash, Ex. C, ¶¶ 1, A–H; Post Master Subpoena, Mem. Supp. Am. Mot. to Quash, Ex. D, Attach. A.)

Moreover, this Court does not ignore that Khouj has a legitimate interest in protecting his own private financial information.  *See Griffith v. United States*, No. M8-85, 2007 WL 1222586, at *1 (S.D.N.Y. April 25, 2007) ("'[I]ndividuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution.'" (quoting *Arias-Zeballos v. Tan*, No. 06 Civ. 1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007)).  It is for these reasons the Court will require Darui to notify the Court and Khouj before issuing any additional subpoenas seeking materials related to Khouj.  But the opportunity to contest the previously complied-with subpoenas has passed, and the materials Khouj seeks to protect are already in the hands of respondent.  Asking this Court now to re-bag the cat is asking the virtually impossible.

6